**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS CARTER, | ) | CASE NO. 4:16 CV 373 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BUREAU OF PRISONS NORTHEAST | ) | AND ORDER |
| REGIONAL DIRECTOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Curtis Carter filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA") against the Bureau of Prisons ("BOP") Northeast Regional Director, the FCI Elkton Warden, and the USP Hazelton Satellite Camp Warden. In the Complaint, Plaintiff alleges his personal property was lost in transit when he was transferred from USP Hazelton Camp to FCI Elkton on April 21, 2015. He seeks monetary damages.

**I.     Background**

Plaintiff alleges he was sent to the segregation unit of USP Hazelton on March 13, 2015. His personal property was packed up on March 17, 2015. He contends he did not see his property while he was in segregation. He was transferred from USP Hazelton Camp to FCI Elkton on April 7, 2015. He states he went to receiving and delivery at FCI Elkton two weeks later to claim his property and discovered he had received the personal property of inmate

McHoney who was in the segregation unit at USP Hazelton with Plaintiff and who was transferred to FCI Ashland at the same time Plaintiff was transferred to FCI Elkton. Plaintiff packed up McHoney's property and sent it to FCI Ashland with a note requesting that FCI Ashland return his property if it was sent there in error. He claims he has not received his property to date. He filed a small claims form with the BOP seeking monetary compensation for his property. He alleges that his claim was denied. He filed this action seeking monetary damages under the FTCA.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at

555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III.     Analysis

The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1). When a federal employee acts within the scope of his or her employment and commits a tort, any relief for that tort must be sought against the Government under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA"). The FTCA provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their employment.

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Bormes*, 568 U.S. ——, ——, 133 S.Ct. 12, 16, 184 L.Ed.2d 317 (2012). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). The FTCA, however, exempts certain claims from waiver. Section 2680(c) of the FTCA exempts from the waiver of sovereign immunity "[a]ny claim arising in respect of the ...

detention of any goods, merchandise, or other property by any other law enforcement officer[.]" 28 U.S.C. § 2680(c); *see also Ali*, 552 U.S. at 217-18 (discussing this exemption). If this exemption applies, there is no waiver of sovereign immunity, and this Court lacks subject matter jurisdiction.

In *Ali*, the Supreme Court recognized that the exemption in § 2680(c) also includes situations where BOP officers negligently lose property of an inmate. *Ali*, 552 U.S. 217-18. The Plaintiff in *Ali*, a federal inmate, alleged that employees of the BOP negligently or wrongfully lost some of his personal items during his transfer from one prison to another. *Id*. The Court held that employees of the BOP qualify as "other law enforcement officers" under § 2680(c), and the exemption applies to claims pertaining to loss of property by BOP officials. *Id*. at 220. As a result, the Court affirmed the dismissal of Plaintiff's claims under the FTCA on grounds of lack of subject matter jurisdiction. *Id*. at 222-23.

In light of *Ali*, the United States is immune from a lawsuit based on the alleged unlawful detention of Plaintiff's property. Consequently, his FTCA claims must be dismissed.

The Court recognizes that the BOP treated Plaintiff's administrative claim as arising under 31 U.S.C. § 3723, rather than as a claim under the FTCA. The administrative remedy provided by 31 U.S.C. § 3723 is the only relief authorized by Congress for prisoners whose property is wrongfully detained. *See Ali*, 552 U.S. at 228. An agency's decision under § 3723, however, is not subject to judicial review. *See Edkins v. United States*, No. 13–cv–14421, 2015 WL 871587, at *14 (E.D. Mich. Feb. 27, 2015) (collecting cases); *Hoskins v. Craig*, No. 11–296–GPM, 2013 WL 675734, at *3 (S.D. Ill. Feb. 25, 2013). Plaintiff cannot obtain relief from this Court under § 3723.

**IV. Conclusion**

Accordingly, this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

|  |  |
|---|---|
| Date: April 21, 2016 | */s/ John R. Adams*<br>JOHN R. ADAMS<br>UNITED STATES DISTRICT JUDGE |

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.